UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHAHN MCELROY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O GUSTAFSON, et al.,<br><br>　　　　　　Defendants. | No. 2:12-cv-1518-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. On May 31, 2013, plaintiff filed a motion for temporary restraining order ("TRO") and preliminary injunction. ECF No. 28. Plaintiff seeks an order "requiring the defendants to arrange for a plan of treatment by qualified specialists and/or the transferring facility/PCG original treatment plan [and] . . . to carry out the most effective plan(s) of treatment." *Id.* at 7. Plaintiff argues that the requested injunctive relief should be issued against defendants Deems, Virga, and Cate[1] because "these defendants have the responsibility for providing the plaintiff necessary items, medical prescriptions, and physical therapy as well as the ability to arrange it." *Id.*

/////

---

[1] Plaintiff's request to proceed as to defendant Cate as a party to this action was denied pursuant to the court's screening order issued June 26, 2012. ECF No. 5.

1

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); *Century Time Ltd. v. Interchron Ltd.,* 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The Ninth Circuit standard for preliminary injunctive relief is well-established. A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir.1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). To obtain a preliminary injunction a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009), *citing Winter v. Natural Res. Def. Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 374 (2008). The Ninth Circuit has also held that "sliding scale" approach it applies for the showing that must be made as to the likelihood of success on the merits survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, __ F.3d __, 2010 WL 2926463, *3-4 (filed July 28, 2010). Under this sliding scale the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff's motion includes allegations against individuals who are not named defendants in this action. In particular, Cate, one of the persons plaintiff specifically seeks injunctive relief from, is no longer a party to this case. *See* ECF No. 5. Apart from the problem of plaintiff seeking injunctive relief against an individual who is no longer party to the suit, *see e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969), plaintiff has not demonstrated a likelihood of success as to any claim against Cate or any other non-parties. Therefore, plaintiff's motion with regard to these parties should be denied.

With regard to defendants Deems and Virga, the record before the court suggests that neither defendant can provide the relief plaintiff requests. Virga is the Warden at California State Prison, Sacramento ("CSP-Sacramento") and Deems is the Chief Medical Officer at CSP-Sacramento. Plaintiff is now housed at Salinas Valley State Prison ("SVSP"). *See* ECF No. 22. The allegations in plaintiff's motion concern events that occurred from September 2012 until April 2013 at both SVSP and Wasco State Prison, where plaintiff was housed prior to his transfer to SVSP. Nothing in the record before the court indicates that Deems or Virga are currently responsible for providing plaintiff medical treatment – either generally or the specific treatment plaintiff seeks through this motion. Plaintiff fails to show how either of these defendants, who work at CSP-Sacramento, are able to arrange for the provision of the treatment plaintiff demands at SVSP. Accordingly, plaintiff's motion should be denied with respect to Deems and Virga.

Similarly, the record before the court also does not show that the other two remaining defendants, Gustafson and Robertson, are able to provide the relief plaintiff requests in his motion. Both are located at High Desert State Prison, not SVSP, and work respectively as a correctional officer and physician's assistant, suggesting that neither one has control over plaintiff's current medical care. Because plaintiff has not made a showing that the any of remaining named defendants can provide the relief sought, the motion should be denied.

3

On September 9, 2013, plaintiff filed a motion for the appointment of counsel. ECF No. 32. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Bre*wer, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

Finally, plaintiff has filed a motion for partial summary judgment, ECF No. 34, and defendants have filed a motion for an extension of time to file an opposition to that motion, ECF No. 36. Defendants' motion includes a request under Rule 56(d) to postpone consideration of plaintiff's summary judgment motion pending further discovery. Rule 56(d) (formerly Rule 56(f)) provides that the court may postpone consideration of a pending motion and allow the nonmovant "time to obtain affidavits or declarations or to take discovery" when the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Defendants rely on a declaration by their counsel, David Brice, which notes that the discovery period in this case has not opened and that defendants have not yet had an opportunity to take plaintiff's deposition or conduct any written discovery. ECF No. 36 at 3. Brice "expect[s] that a deposition and written discovery will allow [him] to question Plaintiff regarding the circumstances that led to the alleged use of excessive force, pepper spray, and confiscation of his medical items." *Id*. However, defendants have not shown that postponement of plaintiff's motion is necessary for defendants to present an opposition to the motion. While plaintiff's deposition will likely yield relevant information, the Brice declaration does not demonstrate what facts necessary for opposing summary judgment cannot be presented without the deposition. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006) ("The declaration does not, however, refer to any specific fact in these depositions or explain why the information contained in them was 'essential to justify [Tatum's] opposition.'"); *State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d

4

1 772, 779 (9th Cir. 1998) ("the defendants must show (1) that they have set forth in affidavit form
2 the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and
3 (3) that these sought-after facts are 'essential' to resist the summary judgment motion.").

4     Here, plaintiff's four page motion raises the limited question of whether his conduct at the
5 time warranted the use of pepper spray and confiscation of his back brace and mobility device.
6 He includes a six page declaration which succinctly recites his version of the events and states
7 that he did not present a risk warranting the level of force used. To defeat plaintiff's motion
8 defendants need not establish that they are entitled to summary judgment. They merely need to
9 show that plaintiff's version of the facts are disputed in some material way. The Brice declaration
10 does not explain why the defendants are unable to submit a declaration(s) disputing those facts.
11 Thus, while further discovery, including the deposition of plaintiff might assist defendants in
12 presenting their own motion for summary judgment, there has been no showing that defendants
13 are unable, without further discovery, to present an opposition to the pending motion by plaintiff.
14 If defendants' opposition is premised on the factual contention that either no force was used or
15 that plaintiff engaged in conduct warranting the force that was used, defendants have not shown
16 why they cannot simply submit declaration testimony saying so. Therefore, defendants fail to
17 satisfy the requirements of Rule 56(d) by showing that facts essential to justify opposition to
18 summary judgment cannot be presented without the contemplated deposition. *Campbell*, 138
19 F.3d at 779. Accordingly, defendants' Rule 56(d) request for continuance of the summary
20 judgment motion is denied.

21     However, the court infers from the defendants' request that they contemplate a cross-
22 motion for summary judgment after taking the plaintiff's deposition. If so, judicial economy
23 favors consideration of both motions at the same time. Therefore, consideration of plaintiff's
24 motion is continued until after the deposition of plaintiff. If plaintiff's deposition has not already
25 been taken, defendants shall complete that deposition within 30 days. Defendants' opposition to
26 plaintiff's summary judgment motion, and defendants' cross-motion, if any, shall be filed 14 days
27 thereafter.
28 /////

5

In accordance with the above, it is hereby ORDERED that:

1. Plaintiff's September 9, 2013 motion for the appointment of counsel, ECF No. 32, is denied;

2. Defendants' Rule 56(d) request for continuance of plaintiff's summary judgment motion is denied; however, the court will consider cross-motions for summary judgment at the same time;

3. Plaintiff's deposition shall be completed within 30 days; and

4. Defendants' opposition to plaintiff's summary judgment motion, and defendants' cross-motion, if any, shall be filed 14 days after completion of plaintiff's deposition.

Further, it is hereby RECOMMENDED that plaintiff's May 31, 2013 motion for temporary restraining order, ECF No. 28, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6