1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LATHAHN MCELROY,                     No.  2:12-cv-1518-TLN-EFB P

12                Plaintiff,

13        v.                              ORDER

14   GUSTAFSON, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  The parties have filed cross-motions for summary judgment.[1]  Presently before

19   the court is defendants' motion for leave to supplement their cross-motion for summary

20   judgment.  ECF No. 46.  Therein, defendants' counsel declares that he obtained additional records

21   after defendants filed their cross-motion which he believes to be relevant to the motion.  *Id.* at

22   ¶¶ 8-11.  Defendants have filed both the supplemental records and an amended statement of

23   undisputed facts concurrently with their motion to supplement.  ECF Nos. 46-1, 46-2.

24   Defendants' counsel further declares that he believes that defendants' request will not prejudice

25   plaintiff and that defendants are not opposed to the court giving plaintiff additional time to serve

26

27        [1] On September 13, 2013, plaintiff filed a motion for partial summary judgment.  ECF No.
     34.  On January 24, 2014, defendants filed an opposition to plaintiff's motion and a cross-motion
28   for summary judgment.  ECF No. 44.

                                            1

and file his opposition to defendants' cross-motion for summary judgment.  ECF No. 46 at ¶ 14.

     Good cause appearing, IT IS HEREBY ORDERED that:

    1. Defendants' motion for leave to supplement their motion for summary judgment with additional evidence and to file an amended statement of undisputed facts, ECF No. 46, is GRANTED.

    2. Within twenty-one (21) days of this order, plaintiff shall file an opposition to defendants' cross-motion for summary judgment that complies with the requirements of Federal Rule of Civil Procedure 56 and Eastern District Local Rule 260(b).[2]

Dated:  March 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants have included a warning to plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) as part of their cross-motion for summary judgment.  *See* ECF No. 44-1.  However, in an abundance of caution, the court again informs plaintiff of the requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes establish plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. *See* Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  *See* L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.