1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LATHAHN McELROY,                          No.  2:12-cv-1518-TLN-EFB P

12                    Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    GUSTAFSON, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  He claims that defendants Gustafson, Robertson, Deems, and Virga were

19    deliberately indifferent to his serious medical needs and that Gustafson used excessive force

20    against him.  Plaintiff has filed a motion for partial summary judgment, ECF No. 34, and

21    defendants' opposition includes a counter-motion for summary judgment.  ECF No. 44.  Plaintiff

22    then filed a "Supplemental Motion [for] Summary Judgment," which he filed after the cross-

23    motions were fully briefed and submitted for decision.  ECF No. 72.  Defendants have moved to

24    strike that "supplemental" motion.  ECF No. 73.  Plaintiff then responded with what he styles as a

25    motion for rebuttal to the motion to strike, which the court construes as an opposition to the

26    motion to strike.  ECF No. 78.  Additionally, plaintiff has filed a motion for a preliminary

27    /////

28    /////

                                                    1

injunction.[1]  ECF No. 79.  For the reasons that follow, it is recommended that (1) plaintiff's motion for summary judgment be denied, (2) defendants' motion for summary judgment be denied as to Gustafson but granted as to Robertson, Deems, and Virga, (3) plaintiff's "Supplemental Motion [for] Summary Judgment" be denied, (4) defendants' motion to strike plaintiff's "supplemental motion" be denied, (5) plaintiff's "motion for rebuttal" be denied, and (6) plaintiff's motion for a preliminary injunction be denied.

**I.      Background**[2]

Plaintiff was transferred from California State Prison-Sacramento ("CSP-Sac") to High Desert State Prison ("HDSP") on November 14, 2011.  ECF No. 52 at 1.[3]  He claims that upon his arrival at HDSP, defendant Gustafson, a correctional officer, ordered him to "remove his clothing and hand it to him along with [his] cane and back brace . . . ."  *Id.* at 2; ECF No. 1 ("Compl.") at 4.  Gustafson allegedly stated that the cane and back brace would not be returned.  ECF No. 52 at 2.  Plaintiff says he was subsequently ordered to bend and squat, movements that he claims he could not perform because of his "handicap."  Compl. at 4.  Allegedly, while plaintiff was attempting to explain his physical inability to bend and squat as ordered, Gustafson pepper sprayed plaintiff.  *Id.*  Plaintiff claims he fell face first to the ground and was then handcuffed behind his back.  ECF No. 52 at 3; Compl. at 4.  Plaintiff argues that Gustafson's actions amounted to excessive force and deliberate indifference to his medical needs in violation of the Eighth Amendment.  Compl. at 3.

Plaintiff also claims that defendant Robertson, a physician's assistant at HDSP, was deliberately indifferent to plaintiff's medical needs.  *Id.* at 6.  Specifically, plaintiff claims that Robertson discontinued his medications (nasal spray, pine tar/coal tar soap, Metamucil, psyllium powder, lactolose, and magnesium citrate) and medical appliances (cane, wheelchair, back brace,

---

[1]  Defendants have not filed an opposition to plaintiff's motion for a preliminary injunction.

[2] This action proceeds on plaintiff's verified complaint, filed June 6, 2012.  ECF No. 1.

[3]  For ease of reference, all citations to court documents are to the pagination assigned via the court's electronic filing system.

1    and leg brace).  *Id.* at 4-5.  Plaintiff also contends that Robertson prevented him from seeing a

2    doctor to reinstate his medications and appliances, and that Robertson failed to provide physical

3    therapy.  *Id.* at 6.

4        Lastly, plaintiff claims that defendants Deems and Virga were deliberately indifferent to

5    his serious medical needs when they "adversely transferred" him to HDSP with knowledge of his

6    medical condition.  *Id.* at 3.  Deems is the Chief Medical Officer at CSP-Sac and Virga is the

7    Warden of that institution.  *Id.* at 2.  According to plaintiff, they transferred him from CSP-Sac to

8    HDSP with knowledge that he was disabled and that the transfer would expose him to "injurious

9    conditions."  *Id.* at 3, 6.

10   **II.    Standard**

11       Summary judgment is appropriate when there is "no genuine dispute as to any material

12   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary

13   judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

14   to the determination of the issues in the case, or in which there is insufficient evidence for a jury

15   to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600

16   (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.

17   U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

18   motion asks whether the evidence presents a sufficient disagreement to require submission to a

19   jury.

20       The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

21   or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

22   "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

23   trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

24   (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,

25   under summary judgment practice, the moving party bears the initial responsibility of presenting

26   the basis for its motion and identifying those portions of the record, together with affidavits, if

27   any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477

28   U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving

party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element

/////

1   of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S.

2   at 322.

3         Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

4   the court must again focus on which party bears the burden of proof on the factual issue in

5   question.  Where the party opposing summary judgment would bear the burden of proof at trial on

6   the factual issue in dispute, that party must produce evidence sufficient to support its factual

7   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

8   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit

9   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

10  for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

11  demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

12  that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,

13  477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

14        The court does not determine witness credibility.  It believes the opposing party's

15  evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

16  *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

17  proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

18  *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,

19  dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

20  issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

21  Cir. 1995).  On the other hand, the opposing party "must do more than simply show that there is

22  some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could

23  not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

24  trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant

25  summary judgment.[4]

26  ─────────────────

27      [4]  Concurrent with their counter-motion for summary judgment, defendants advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  ECF No. 44-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v.*

28  *Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999);

1    **III.    Analysis**

2           **A.  <u>Plaintiff's Motion for Partial Summary Judgment</u>**

3           Plaintiff  seeks partial summary judgment with respect to his excessive force claim against

4    Gustafson.[5]  ECF No. 34.  "When prison officials use excessive force against prisoners, they

5    violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment."

6    *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  To establish such a claim a plaintiff must

7    show that prison officials applied force maliciously and sadistically to cause harm, rather than in

8    a good-faith effort to maintain or restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7

9    (1992).  Whether plaintiff has produced evidence sufficient to make such a showing involves an

10   evaluation of (1) the need for application of force, (2) the relationship between that need and the

11   amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any

12   efforts made to temper the severity of a forceful response.  *Id.* at 7; *see also id.* at 9-10 ("The

13   Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from

14   constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

15   of a sort repugnant to the conscience of mankind." (internal quotation marks and citations

16   omitted)).

17          Plaintiff  argues that "[t]he undisputed facts of this case show that the plaintiff was

18   subjected to the unlawful use of pepper spray."  ECF No. 34 at 3.  In support, he relies on his

19   declaration stating that Gustafson confiscated his mobility devices, that he had told Gustafson that

20   he needed his cane to perform the ordered bend and squat, that Gustafson pepper sprayed and

21   tightly handcuffed plaintiff behind his back, and that plaintiff did not resist or disobey orders.  *Id.*

22   at 5, ¶¶ 2-5.  According to plaintiff, he was complying with Gustafson's orders and there was no

23   _____

24   *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  The court notes that plaintiff opposed
     defendants' motion before conducting any discovery in this matter.  On August 6, 2014, the court
25   held a hearing; defense counsel was physically present and plaintiff appeared via video-
     conference.  ECF No. 67.  The court inquired as to whether plaintiff wished to defer resolution of
26   defendants' motion so that he could propound discovery.  Plaintiff did not request discovery prior
     to resolution of defendants' motion.  The motion is thus ripe for adjudication.

27

28          [5]  Neither this motion nor plaintiff's "Supplemental Motion" seeks summary judgment on
     his deliberate indifference claim against Gustafson.

                                                        6

1   basis for the use of force, yet Gustafson sprayed him in the face with pepper spray.  Plaintiff is a

2   percipient witness and obviously his version of the events is relevant and admissible.  But

3   Gustafson disputes that version of events.

4          According to Gustafson's declaration he did not confiscate plaintiff's cane or back brace

5   when plaintiff arrived at HDSP and he had no authority to confiscate any medically prescribed

6   assistive device without the approval of medical staff.  ECF No. 44-4 ("Gustafson Decl.") ¶¶ 3, 4.

7   Gustafson did not recall plaintiff even having a cane or back brace when he arrived at HDSP.[6]  *Id.*

8   at ¶ 3.  As for the pepper spraying, Gustafson asserts that plaintiff refused to submit to

9   Gustafson's order to bend and squat and a subsequent order to place his hands behind his back

10  and submit to handcuffs.  Gustafson Decl. ¶¶ 5-7.  Gustafson states that when plaintiff refused to

11  submit to handcuffs he ordered plaintiff to get down, but plaintiff did not comply and remained

12  standing.  *Id.* at ¶¶ 8-9.  Gustafson states that he sprayed plaintiff in the facial area with pepper

13  spray to gain compliance with the orders and to have plaintiff submit to handcuffs.  *Id.* at ¶ 10.

14  Gustafson contends that plaintiff's refusal to comply with lawful orders disrupted the processing

15  of inmates and created the suspicion that plaintiff was attempting to introduce contraband into

16  HDSP.  *Id.* at ¶ 16.

17         Clearly, plaintiff and Gustafson describe very different versions of what occurred.  While

18  plaintiff contends that Gustafson confiscated his mobility devices and gratuitously pepper sprayed

19  plaintiff in the face in spite of plaintiff having explained that he needed his cane to perform the

20  ordered bend and squat, ECF No. 34 at 5, ¶¶ 2-5, Gustafson contends that he did not confiscate

21  the cane or back brace and that plaintiff refused to comply with the several orders which

22  necessitated the pepper spraying to gain compliance, Gustafson Decl. ¶¶ 3, 7-10, 16.  These

23  factual disputes are material, as plaintiff's claim depends on whether Gustafson's use of the

24  pepper spray was malicious and sadistic or a good-faith effort to maintain order and discipline.

25  *See Hudson*, 503 U.S. at 6-7.  Further, the dispute is genuine.  Both individuals are percipient

26  witnesses to what occurred.  A jury could credit either witness' version and the credibility

27  _____

28      [6] Gustafson suggests plaintiff's own evidence indicates that his chrono for a cane expired
    three months before his transfer to HDSP.  ECF No. 34 at 8.

1   determination cannot be made on summary judgment.  Whether a jury will credit Gustafson or

2   plaintiff remains to be seen, but if it believes Gustafson it could reasonably return a verdict for

3   Gustafson based on the account provided in his declaration.  Accordingly, plaintiff's motion for

4   partial summary judgment on the excessive force claim against Gustafson must be denied.

5               **B. Defendants' Counter-Motion for Summary Judgment**

6                       **1.    Gustafson**

7       Gustafson also moves for summary judgment as to the same event.  ECF No. 44-2 at 6-8.

8   He also asserts on summary judgment a defense of qualified immunity.  *Id.* at 9.  For the same

9   reasons identified above, Gustafson's motion must be denied.

10                      **a.    Excessive Force**

11      As discussed, Gustafson argues that the use of pepper spray was justified by plaintiff's

12  "refusal to follow lawful orders."  ECF No. 44-2 at 7.  He states in the declaration that he did not

13  confiscate the cane and back brace and pepper sprayed plaintiff to gain compliance with lawful

14  orders.  ECF No. 44-4 ("Gustafson Decl.") ¶¶ 3, 10.  This includes the alleged refusal to comply

15  with orders to bend at the waist, spread his buttocks, and cough as part of the unclothed body

16  search, to submit to handcuffs, and to get down.  *Id.* at ¶¶ 5, 7-9.  Gustafson's declaration

17  indicates that plaintiff arrived at HDSP with twenty to thirty other inmates of various custody

18  levels; Gustafson states that he was responsible for ensuring that these inmates were processed

19  into the institution safely.  *Id.* at ¶ 13-15.  According to Gustafson, plaintiff's refusal to comply

20  disrupted the processing of other inmates and created the suspicion that plaintiff was attempting

21  to introduce contraband into the institution.  *Id.* at ¶ 16.

22      As with plaintiff's motion, this motion presents a factual dispute between two percipient

23  witnesses whose descriptions of what occurred conflict in material ways.  Plaintiff's contention

24  that Gustafson confiscated the cane and back brace, ECF No. 52 at 2,[7] cannot be squared with

---

25      [7] Plaintiff's factual assertions are set out in a document he styles as "Plaintiff's objections
26  to Defendants['] Motion for Summary Judg[]ment and Undisputed Facts."  This document
    consists of several enumerated factual assertions and is subscribed with a certification stating:  "I
27  declare that this Motion is made in furtherance of the truth."  While this language is not the
    proper form for verification of a declaration, thus rendering the document technically not in a
28  form admissible for trial, the statements therein are nonetheless admissible here.  They purport to

1   Gustafson's denial.  Likewise, plaintiff's assertion that he did not refuse to comply with the order

2   to bend at the waist, spread his buttocks, and cough as part of the unclothed body search, but

3   rather stated that he had no balance and needed his cane to bend and squat is sufficient to defeat

4   summary judgment on Gustafson's assertion that the pepper spraying was reasonably necessary.

5   *Id.*  According to plaintiff, Gustafson ordered plaintiff to get on the ground, which plaintiff was

6   unable to do without an assistive device.  *Id.* at 2.  Although Gustafson claims that the refusal to

7   submit to handcuffs created a situation in which Gustafson had to use pepper spray to maintain

8   discipline, ECF No. 44-3 at 2, ¶ 12, plaintiff states that he was pepper sprayed while trying to

9   explain that he was handicapped.  Plaintiff also insists that he did not refuse to comply with an

10  order to submit to handcuffs.  Rather, he asserts that Gustafson neither attempted to handcuff

11  plaintiff nor told plaintiff to turn around to be handcuffed.  ECF No. 52 at 2.  Finally, plaintiff

12  disputes Gustafson's characterization of how plaintiff became prone on the ground.  Gustafson

13  states that plaintiff assumed a prone position and submitted to handcuffs after being pepper

14  sprayed.  Gustafson Decl. at ¶ 14.  Plaintiff contends that the pepper spray caused him to lose his

15  balance and fall, and that he injured his back, hip, and knee when he was handcuffed.  ECF No.

16  52 at 3.

17          As discussed above, both individuals were percipient to the encounter but describe very

18  different versions of what occurred.  If plaintiff's account is believed, a reasonable jury could find

19  in his favor.  The respective credibility of plaintiff and Gustafson over these disputed facts simply

20  cannot be resolved on summary judgment.

21          Plaintiff has established a genuine dispute as to several facts that affect whether, as

22  Gustafson claims, Gustafson's use of pepper spray was justified.  Further, as noted, the disputed

23  facts are material to plaintiff's claim that the use of the pepper spray was malicious and gratuitous

24  and not a good-faith effort to maintain order and discipline.  *See Hudson*, 503 U.S. at 6-7.  Thus,

25  /////

26  _____

27  be plaintiff's account of what he actually experienced during the event and describe his percipient
    observations regarding facts that are in dispute.  Thus, the content is capable of presentation in a
    form admissible at trial.  It is therefore properly considered for purposes of summary judgment.

28  *See Fraser v. Goodale*, 342 F.3d 1032, 1037-38 (9th Cir. 2003).

1   Gustafson's counter-motion for summary judgment on plaintiff's excessive force claim against

2   Gustafson must be denied.

3                              **b.  Deliberate Indifference**

4          Gustafson also seeks summary judgment on plaintiff's claim of deliberate indifference.

5   To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff

6   must establish that he had a serious medical need and that the defendant's response to that need

7   was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle*

8   *v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the

9   condition could result in further significant injury or the unnecessary and wanton infliction of

10  pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or

11  intentional interference with medical treatment or by the way in which medical care is provided.

12  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

13         To act with deliberate indifference, a prison official must both be aware of facts from

14  which the inference could be drawn that a substantial risk of serious harm exists, and he must also

15  draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

16  he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

17  to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate

18  altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

19  884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

20  even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

21  *Id.*

22         It is important to differentiate common law negligence claims of malpractice from claims

23  predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment.

24  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

25  support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

26  1980) (citing *Estelle*, 429 U.S. at 105-06; *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

27  Cir. 2004).

28  /////

                                        10

1    Gustafson argues that summary judgment in his favor is appropriate because (1) as a

2    correctional officer, he could not take away a medically prescribed assistive device without the

3    approval of medical staff, (2) he did not confiscate plaintiff's cane or back brace,[8] and (3)

4    plaintiff did not have a valid chrono for a cane or back brace at the time of his arrival at HDSP.

5    ECF No. 44-2 at 3, 7.

6        Gustafson's argument that he lacked authority to take away the cane or back brace and

7    therefore could not have violated plaintiff's rights is a non sequitur.  Establishing that he lacked

8    such authority does not establish as a matter of law that he did not, in fact, take the cane and back

9    brace from plaintiff.  Whether Gustafson did or did not have authority to take away a medically

10   prescribed assistive device, plaintiff states in his declaration that Gustafson did in fact confiscate

11   the cane and back brace.  ECF No. 52 at 3.  Plaintiff also disputes in his declaration the assertion

12   that he did not have a valid chrono for the cane and brace when he arrived at HDSP.  *Id.*  He

13   submitted a February 2011 chrono which indicates only a temporary, six-month cane

14   accommodation.  ECF No. 34 at 8.  He acknowledges that the chrono is of limited duration but

15   contends that "the chrono and cane is supposed to be reevaluated approx. the date of expiration

16   and to remain the property of plaintiff pursuant to [Cal. Code Regs. tit. 15, § 3358(b)],"[9]  ECF

17   No. 52 at 3.  With respect to the back brace, plaintiff points to a January 2007 chrono that

18   provides a permanent accommodation.  ECF No. 34 at 9.

19       Although Gustafson disputes plaintiff's version of what occurred, the dispute simply

20   underscores the point that summary judgment is not appropriate here.  Plaintiff, himself a

---

[8] This claim appears in the facts section of Gustafson's counter-motion but not in the "Argument" section.

[9] That regulation provides:

> No inmate shall be deprived of a prescribed orthopedic or
> prosthetic appliance in the inmates possession upon arrival into the
> department's custody or properly obtained while in the
> department's custody unless a department physician or dentist
> determines the appliance is no longer needed and the inmate's
> personal physician, if any, concurs in that opinion.

Cal. Code Regs. tit. 15, § 3358(b).

11

1    percipient witness to the events, has shown that specific facts that are material to his claim are in

2    genuine dispute.  This includes the disputes over whether plaintiff had a cane and back brace

3    when he arrived, whether plaintiff had a valid chrono for a cane and back brace, and whether

4    Gustafson without justification confiscated those assistive devices upon plaintiff's arrival at

5    HDSP.  Those disputed facts are material because plaintiff's deliberate indifference claim hinges

6    on whether Gustafson knew that plaintiff faced a substantial risk of serious harm and whether

7    Gustafson disregarded that risk by failing to take reasonable measures to abate it.  *See Farmer*,

8    511 U.S. at 847.  Plaintiff's testimony suggests that Gustafson confiscated the cane knowing that

9    plaintiff was disabled, and that Gustafson punished plaintiff with pepper spray when he did not

10   perform tasks he was obviously physically incapable of performing.  ECF No. 52 at 2.  The

11   dispute is also genuine because a fair-minded jury, if it credits plaintiff's testimony, could return a

12   verdict for plaintiff.  Thus, there are genuine disputes over material facts and Gustafson's

13   counter-motion for summary judgment on this claim must be denied.

14                              **c.  Qualified Immunity**

15           Gustafson's qualified immunity argument also does not warrant summary judgment in his

16   favor.

17           Qualified immunity protects government officials from liability for civil damages where a

18   reasonable person would not have known that their conduct violated a clearly established right.

19   *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987).  "In resolving questions of qualified

20   immunity at summary judgment, courts engage in a two-pronged inquiry."  *Tolan v. Cotton*, ___

21   U.S. ___, ___, 134 S. Ct. 1861, 1865 (2014) (per curiam).  "The first asks whether the facts,

22   'taken in the light most favorable to the party asserting the injury, . . . show the officer's conduct

23   violated a federal right.'"  *Id.* (internal bracketing omitted) (quoting *Saucier v. Katz*, 533 U.S.

24   194, 201 (2001)).  "The second prong of the qualified-immunity analysis asks whether the right in

25   question was 'clearly established' at the time of the violation."  *Tolan*, 134 S. Ct. at 1866 (quoting

26   *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)).  A plaintiff invokes a "clearly established" right when

27   "the contours of the right [are] sufficiently clear that a reasonable official would understand that

28   what he is doing violates that right."  *Anderson v. Creighton*, 483 U.S. at 640.  "The salient

1    question is whether the state of the law at the time of an incident provided fair warning to the

2    defendants that their alleged conduct was unconstitutional." *Tolan*, 134 S. Ct. at 1866 (internal

3    bracketing and quotation marks omitted).

4        Gustafson's qualified immunity argument rests on his disputed version of the encounter

5    and his contention that there was no constitutional violation.  As discussed above, material facts

6    are in genuine dispute as to whether there was a constitutional violation.  Specifically, there is a

7    dispute as to whether Gustafson used his pepper spray to restore order and discipline and whether

8    Gustafson ever confiscated plaintiff's assistive medical devices.  If there was no constitutional

9    violation, then of course there was no violation of a clearly established constitutional right.  But

10   the material factual disputes which preclude summary judgment on that question also preclude

11   summary judgment on Gustafson's assertion of qualified immunity here.  *See LaLonde v. County*

12   *of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000) ("The determination of whether a reasonable

13   officer could have believed his conduct was lawful is a determination of law that can be decided

14   on summary judgment only if the material facts are undisputed.").

15       **2.  Robertson**

16       Plaintiff claims that Robertson was deliberately indifferent to plaintiff's serious medical

17   needs when he discontinued plaintiff's medications and medical appliances.  Compl. at 4-6.[10]

18   Robertson argues that this claim fails because plaintiff "essentially alleges a difference of medical

19   opinion."  ECF No. 44-2 at 8.[11]  Robertson emphasizes that he met with plaintiff several times

20   _____

21       [10] In his complaint, plaintiff also claimed that Robertson was deliberately indifferent
     because he prevented plaintiff from being examined by a medical doctor and because he failed to

22   provide plaintiff physical therapy.  Compl. at 6.  However, plaintiff abandoned these arguments in
     subsequent filings and his deposition.  *See* Pl.'s Dep. at 49:14-15 ("The main thing I sued

23   [Robertson] for was because he [discontinued] all of my chronological orders."); ECF No. 52 at 4
     ("Robertson requested physical therapy for [plaintiff] on December 23, 2011."); ECF No. 72 at 11

24   (alleging that Robertson provided physical therapy).  Because plaintiff has reduced his allegations
     against Robertson to a single claim (i.e., that Robertson was deliberately indifferent to plaintiff's

25   serious medical needs when he discontinued plaintiff's medications and medical appliances), he
     has conceded the other claims.

26

27       [11] Robertson also argues that plaintiff cannot establish an Eighth Amendment deliberate
     indifference claim "because [Robertson] saw [plaintiff] several times and made medical

28   evaluations."  ECF No. 44-2 at 8.  However, the Ninth Circuit long ago made clear that a

1   between November 2011 and June 2012, and that plaintiff "did not exhibit any dermatological

2   concerns" or "demonstrate that he had any ambulatory or other disabilities" during Robertson's

3   physical examination. *Id.* Robertson submitted several of plaintiff's medical records from the

4   time period specified in plaintiff's complaint. *See* ECF No. 46-2. Of particular relevance here

5   are the following medical records, each of which bears Robertson's signature: (1) a December

6   22, 2011 progress note indicating that plaintiff's skin condition was abnormal and that plaintiff

7   agreed to a plan that included contacting a dermatologist, advising plaintiff to purchase

8   alternative soap from the canteen, and a three-day prescription for Benadryl, *id.* at 12; (2) a

9   December 23, 2011 progress note indicating that plaintiff's skin condition was within normal

10  limits, *id.* at 14; (3) a March 16, 2012 progress note indicating that plaintiff's skin condition was

11  within normal limits, stating that "no visible psoriatic or any other dermatologic concerns

12  discovered in PE," and advising plaintiff "to return when psoriasis is present [and] visible" *id.* at

13  31; (4) an April 4, 2012 form removing plaintiff from a disability program because plaintiff was

14  "able to demonstrate no ambulatory or other disability [at] this time," *id.* at 32; and (6) an April 4,

15  2012 chronological order discontinuing plaintiff's cane, soft shoes, bottom bunk, and extra

16  mattress, *id.* at 34.

17                          a. **Medications**

18          Plaintiff asserts in his declaration that Robertson met with him several times while at

19  HDSP. ECF No. 52 at 4. Plaintiff also indicates that he did not receive certain medications that

20  he had received at other institutions. Compl. at 4.[12] Plaintiff asserted in his deposition that

21  _____

22  physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth
    Amendment rights; a failure to competently treat a serious medical condition, may constitute
    deliberate indifference. *Ortiz*, 884 F.2d 1314. Thus, the issue here is not simply whether

23  Robertson examined plaintiff on those occasions. Rather, the focus is on whether plaintiff has
    produced evidence upon which a reasonable jury could conclude that the treatment was so

24  wanting in light of known risks that it constitutes deliberate disregard of a known serious medical
    need, or instead has established nothing more than a difference of medical opinion.

25

26      [12]  Aside from the statements in plaintiff's complaint, the only evidence that plaintiff was
    prescribed these medications is a single document that plaintiff attached to his "Supplemental

27  Motion for Summary Judgment." ECF No. 72 at 36. That document indicates that a physician
    did in fact prescribe psyllium powder and coal tar soap in January 2007, but that those

28  prescriptions expired in February 2007—more than four years before plaintiff's transfer to HDSP.

1    Robertson had told him the pharmacy at HDSP did not stock those medications, and that

2    Robertson "got mad [that plaintiff] asked him again and again for the same things."  Pl.'s Dep. at

3    50:18-25, 52:9-21.[13]  Responding to Robertson's claim that plaintiff did not exhibit any

4    dermatological concerns during a physical evaluation, plaintiff states that he twice had to be

5    treated "for a gruesome breakout on his face, feet, and arms which plaintiff still suffers this skin

6    condition."  ECF No. 52 at 4.  But plaintiff's contention does not specifically dispute Robertson's

7    assertion that when he examined plaintiff there were no signs or symptoms indicating a

8    dermatological concern.  Thus, their respective assertions appear to speak past each other.

9    Robertson's statement does not claim plaintiff never suffered any such breakouts, and plaintiff

10   does not dispute that he did not exhibit any dermatological concerns during Robertson's

11   examination.  The relevant inquiry here is whether there is sufficient evidence that Robertson

12   knew of a serious medical need but failed to treat it.  *Jett v. Penner*, 439 F.3d at 1096.  The

13   evidence before the court fails to support that Robertson had such knowledge.  While deliberate

14   indifference may be shown by the denial, delay or intentional interference with medical treatment

15   or by the way in which medical care is provided, *Hutchinson v. United States*, 838 F.2d at 394, a

16   mere difference in opinion over treatment cannot support an Eighth Amendment claim.

17          In *Toguchi*, the Ninth Circuit addressed an Eighth Amendment claim based on a

18   physician's decision to discontinue a prescription for a prisoner.  391 F.3d at 1058.  In affirming

19   the district court's grant of summary judgment for the defendants, the Ninth Circuit framed the

20   plaintiff's claim as one involving choices between alternative courses of treatment:

21                     [A] mere difference of medical opinion is insufficient, as a matter
22                     of law, to establish deliberate indifference.  *Jackson v. McIntosh*,
                       90 F.3d 330, 332 (9th Cir. 1996).  Rather, to prevail on a claim
23                     involving choices between alternative courses of treatment, a
                       prisoner must show that the chosen course of treatment was
24                     medically unacceptable under the circumstances, and was chosen
                       in conscious disregard of an excessive risk to the prisoner's health.
25                     *Id.* (citation omitted).

26

27   _____

          [13]  Defendants lodged with the court a copy of plaintiff's December 13, 2013 deposition
28   transcript.  *See* ECF No. 45.

*Id.* (internal quotation marks, bracketing, and ellipsis omitted); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, Forbes is not entitled to demand specific care.").

Plaintiff has not shown—nor even alleged—that Robertson's discontinuation of his medications was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to plaintiff's health.  That HDSP did not stock those medications does not meet the standard the Ninth Circuit identified in *Toguchi*, nor does plaintiff's claim that Robertson had become frustrated over plaintiff's repeated requests.  Establishing frustration over repeated requests for alternatives that were not stocked at HDSP does not establish the treatment described by Robertson was so wanting as to violate the Eighth Amendment.  While plaintiff has certainly established a difference of opinion between he and Robertson (and arguably between plaintiff's previous physicians and Robertson), plaintiff has not established that Robertson was deliberately indifferent to plaintiff's serious medical needs.

### b.  <u>Assistive Devices</u>

Believing plaintiff's evidence, Robertson told plaintiff that he discontinued the assistive devices because he did not believe plaintiff needed them.  Pl.'s Dep. at 51:1-12.  That explanation is consistent with Robertson's observation in the April 4, 2012 document, which stated plaintiff was "able to demonstrate no ambulatory or other disability [at] this time."  ECF No. 46-2 at 32.  Nevertheless, plaintiff "object[s]" to that statement, asserting that he "fell three times at [HDSP] and twice at Wasco in July when he saw physician Patel and his chrono was re-evaluated to [']no prolonged standing or walking['] and again an assistive device was re-administ[er]ed in opposition to P.A. Robertson[']s opinion."  ECF No. 52 at 5.[14]

Even believing plaintiff's claims that he fell several times without the assistive devices and that a physician subsequently issued a chronological order authorizing such devices, plaintiff has not shown that Robertson was deliberately indifferent to his serious medical needs.  Again,

---

[14]  As with plaintiff's other "objection," his response does not conflict with Robertson's statement.  That is, plaintiff could have fallen five times without his assistive devices, but still not have demonstrated any ambulatory or other disabilities during Robertson's examination.

1    plaintiff has simply established a difference of medical opinion between himself and Robertson

2    and between other physicians and Robertson.  As noted, a deliberate indifference claim requires

3    more than a difference of medical opinion.  *Toguchi*, 391 F.3d at 1058.  Although plaintiff

4    disagrees with the choice of treatment provided, he has not shown that such choice amounts to

5    deliberate indifference.  Even when plaintiff's allegations are viewed in the light most favorable

6    to him, they do not raise a triable issue of fact with respect to whether Robertson acted with

7    deliberate indifference to plaintiff's serious medical needs.  Accordingly, summary judgment in

8    Robertson's favor is appropriate.[15]

9                          **3.  Deems and Virga**

10    Plaintiff names as defendants Deems and Virga simply because they are supervisors and

11    not because of any personal involvement by them in the matters complained of by plaintiff.  To

12    state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or

13    statutory right; and (2) that the violation was committed by a person acting under the color of

14    state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th

15    Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish

16    the defendant's personal involvement in the constitutional deprivation or a causal connection

17    between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen

18    v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir.

19    1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the

20    unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

21    (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

22    plead that each Government-official defendant, through the official's own individual actions, has

23    violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

24    claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

25    2009).

26

27              [15]  Robertson also contends that he is entitled to qualified immunity.  Because Robertson
      is entitled to summary judgment on the merits of plaintiff's deliberate indifference claim against
28    Robertson, the court need not address the issue of qualified immunity as to that claim.

1    Here, plaintiff improperly attempts to impose liability on Deems and Virga solely because

2    of their supervisory roles.  Plaintiff stated in his deposition that he sued Deems for no reason

3    other than Deems was in charge of the medical staff at CSP-Sac and the transfer of plaintiff's

4    paperwork was not "a smooth process."  ECF No. 44-5 at 15 (Pl.'s Dep. at 57:2-17).  Plaintiff

5    also testified that he was suing Virga for no other reason than Virga was in charge of CSP-Sac.

6    *Id.* at 14 (Pl.'s Dep. at 54:13-18).  As noted, plaintiff may not sue an official on the theory that the

7    official is liable for the unconstitutional conduct of his or her subordinates.  *Iqbal*, 129 S. Ct. at

8    1948.  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead

9    that each Government-official defendant, through the official's own individual actions, has

10   violated the Constitution."  *Id.*  Plaintiff's unsupported and conclusory allegations that Deems and

11   Virga are somehow liable for Gustafson's alleged wrongdoing falls short of what is required to

12   demonstrate involvement or personal participation in any constitutional deprivation.

13   Accordingly, summary judgment must be granted in favor of defendants Deems and Virga.[16]

14        **C.   Plaintiff's "Supplemental Motion to Summary Judgment"**

15   Plaintiff filed a "Supplemental Motion to Summary Judgment," through which he appears

16   to reiterate his arguments and to request summary judgment against Robertson, Deems, and

17   Virga.[17]  ECF No. 72 at 29.  As explained in the analysis above, those defendants are entitled to

18   summary judgment and nothing submitted in plaintiff's "supplemental motion" alters that

19   analysis.  Although plaintiff had ample time to oppose defendants' motion in the first instance,

20   and as previously discussed, failed to demonstrate the existence of any genuine disputes for trial,

21   _____

22        [16]  Deems and Virga also contend they are entitled to qualified immunity.  Because they
     are entitled to summary judgment on the merits, the court need not address their qualified
23   immunity argument.

24        [17]  Plaintiff may also be attempting to assert new causes of action through this filing.  *See*
     ECF No. 72 at 9 (false imprisonment), 10 ("vindictive segregation") 11 (failure to treat plaintiff's
25   injuries from his altercation with prison guards), and 16 (intentional infliction of emotional and
     psychological damages).  At this stage in the proceedings, however, plaintiff may not amend his
26   complaint without leave of court.  If plaintiff wishes to amend his complaint, he must file a
     motion to amend in accordance with Rule 15 of the Federal Rules of Civil Procedure and submit a
27   proposed amended complaint that is complete in itself without reference to any earlier filed
     complaint, in accordance with Local Rule 220.
28                                                18

1   the court has considered plaintiff's "Supplemental Motion" and finds that it does not present any

2   new evidence or arguments of consequence to the above analysis with respect to defendants'

3   motion for summary judgment.  Thus, plaintiff's motion must be denied for the same reasons set

4   forth in the recommendation to grant summary judgment in favor of defendants Robertson,

5   Deems, and Virga.[18]

6          **D.   Plaintiff's Motion for a Preliminary Injunction**[19]

7          While plaintiff's filings requesting a preliminary injunction are largely incoherent, it

8   appears that he is requesting that the court (1) take judicial notice that plaintiff is being deprived

9   of medical care, ECF No. 74 at 4, and (2) order defendants to provide "meaningful and effective

10  aspects of rehabilitative accommodations," including medication and assistive devices that were

11  previously prescribed, *id.* at 2, 5.  In support of his motion, plaintiff contends that he is "under

12  attack repetitively [sic] . . . from defendants," that his confidential mail has been opened, and that

13  he was subject to a "[c]ruel & unusual . . . adverse transfer classification hearing, suddenly . . .

14  and without notice" on November 5, 2014.  ECF No. 79 at 3, 5-6.

15         The request for judicial notice must be denied because the "fact" that plaintiff wants

16  judicially noticed—that is, that he has been deprived of medical care—is not an appropriate

17  subject for judicial notice.  Federal Rule of Evidence 201 permits the court to take judicial notice

18  only of a fact that is "not subject to reasonable dispute."  The defendants reasonably dispute

19  whether they have deprived plaintiff of medical care.  Accordingly, plaintiff's request for judicial

20  notice must be denied.

21  _____

22         [18] This outcome moots defendants' motion to strike plaintiff's supplemental motion, ECF
    No. 73, as well as plaintiff's "Motion for Rebuttal" of defendant's motion to strike, ECF No. 78.

23

24         [19] Specifically, plaintiff filed a "Motion for Injunction of Permanent Injunctive Medical
    Relief," ECF No. 74, and a "Motion and Writ for Movant Temporary Restraining Order (Now) in
    Favor of Preliminary Injunction," ECF No. 79.  *See also* ECF No. 79 at 14 ("Plaintiff is entitled

25  to a temporary restraining order and/or mandatory permanent injunction . . . .").  Requests for
    temporary restraining orders which are not ex parte and without notice are governed by the same

26  general standards that govern the issuance of a preliminary injunction.  *See New Motor Vehicle
    Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. U.S.*

27  *Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting); *Century Time Ltd. v.
    Interchron Ltd.*, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

28

1    Further, plaintiff has not met the standards for obtaining preliminary injunctive relief.  A

2    preliminary injunction will not issue unless necessary to prevent threatened injury that would

3    impair the courts ability to grant effective relief in a pending action.  *Sierra On–Line, Inc. v.*

4    *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d

5    863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not

6    to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d

7    141, 143 (9th Cir. 1964) (per curiam).  "A plaintiff seeking a preliminary injunction must

8    establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

9    the absence of preliminary relief, that the balance of equities tips in his favor, and that an

10   injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20

11   (2008).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary

12   injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger

13   showing of one element may offset a weaker showing of another—survives *Winter* and continues

14   to be valid.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  "In

15   other words, 'serious questions going to the merits,' and a hardship balance that tips sharply

16   toward the plaintiff can support issuance of an injunction, assuming the other two elements of the

17   *Winter* test are also met."  *Id.* at 1132.  In cases brought by prisoners involving conditions of

18   confinement, any preliminary injunction "must be narrowly drawn, extend no further than

19   necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive

20   means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

21   The only support that plaintiff provides for his claim that he has a "great likelihood [sic]

22   of success" on the merits is his reference to his previous filings.  ECF No. 79 at 16.  But for the

23   reasons discussed in the summary judgment analysis above, plaintiff's previous filings fail to

24   establish that he is likely to succeed on the merits.  To the contrary, he fails to overcome

25   summary judgment for defendants as to most of his claims.  While plaintiff has survived

26   summary judgment with respect to his claims against Gustafson, plaintiff has only demonstrated a

27   genuine dispute over material facts as to those claims.  He simply presents a factual dispute for

28   which credibility determinations must be made at trial, not that he is likely to succeed on the

1    merits as to those claims.  Nor has he shown irreparable harm if his motion is not granted.

2    Accordingly, his request for a preliminary injunction must be denied.

3         Plaintiff also alleges in this motion unauthorized access to his confidential mail and the

4    constitutionality of his transfer classification hearing.  However, these allegations do not relate

5    the events alleged in the complaint and cannot be litigated in this case.  The new allegations must

6    instead be pursued in a separate civil rights or habeas action after following the proper course of

7    exhaustion.  *See* 28 U.S.C. § 2254(b)(1) (generally requiring exhaustion of state court remedies

8    prior to the filing of a federal habeas petition); *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th

9    Cir. 2010) and *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam)

10   (together holding that civil rights claims must be exhausted prior to the filing of the original or

11   supplemental complaint).

12   **IV.    Recommendation**

13        Accordingly, it is hereby RECOMMENDED that:

14        1.  Plaintiff's motion for summary judgment (ECF No. 34) be denied;

15        2.  Defendants' motion for summary judgment (ECF No. 44) be denied as to Gustafson,

16   but granted as to Robertson, Deems, and Virga;

17        3.  Plaintiff's "Supplemental Motion to Summary Judgment" (ECF No. 72) be denied;

18        4.  Defendants' motion to strike plaintiff's supplemental motion (ECF No. 73) be denied;

19        5.  Plaintiff's "Motion for Rebuttal" of defendant's motion to strike (ECF No. 78) be

20   denied; and

21        6.  Plaintiff's motion for a preliminary injunction (ECF Nos. 74, 79) be denied.[20]

22        These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

27   _____

28   [20]  If this recommendation is adopted, this action will proceed solely as to plaintiff's
     Eighth Amendment claims against Gustafson.

21

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE