UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHAHN McELROY, | No. 2:12-cv-1518-TLN-EFB P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| GUSTAFSON, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On June 2, 2015, the court directed plaintiff to file a pretrial statement. ECF No. 91. Despite being granted an extension of time (ECF No. 96), he has failed to comply with that order. Instead, plaintiff has filed a request for a telephonic appearance (ECF No. 95), a request for a "couple of standard forms of summons" (ECF No. 97), a motion to file a supplemental complaint (ECF No. 98), and a motion to appoint counsel (ECF No. 100).   The court previously denied the motion for a telephonic appearance (ECF No. 96) and will address the motion to supplement in due course.  For the reasons stated below, the request for a summons and the request for appointment of counsel are denied.  Plaintiff will also be given one final opportunity to file a pretrial statement.

The court previously issued a summons in this case to effectuate service of process on defendants. ECF No. 5.  There are no additional defendants to be served and no basis for the issuance of another summons in this case.  *See* Fed. R. Civ. P. 4.  Plaintiff's request is denied.

1

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

The extended deadline for filing a pretrial statement has passed, and plaintiff has failed to comply with or otherwise respond to the court's most recent order.[1] Despite the court's June 2, 2015 warning that failure to file a pretrial statement could result in dismissal, and ample time within which to prepare and file a pretrial statement, plaintiff has disobeyed this court's order. Within thirty days of the date of this order, plaintiff shall file and serve a pretrial statement and any motions necessary to obtain the attendance of witnesses at trial. Absent a showing of substantial cause, the court does not intend to grant additional requests for extensions of time. Plaintiff is again cautioned that failure to file a pretrial statement in accordance with this order may result in the imposition of sanctions, including dismissal of this action.

Accordingly, it is hereby ordered that:

1. Plaintiff's request for a summons (ECF No. 97) is denied.
2. Plaintiff's request for appointment of counsel (ECF No. 100) is denied.
3. Plaintiff shall file a pretrial statement within 30 days from the date of this order.

DATED: August 25, 2015.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's filing of a motion to supplement the complaint does not stay or otherwise excuse his failure to file a pretrial statement.