UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATHAHN McELROY,<br><br>                Plaintiff,<br><br>        v.<br><br>GUSTAFSON, et al.,<br><br>                Defendants. | No.  2:12-cv-1518-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  All discovery is complete and the court has ruled on the parties' cross-motions for summary judgment.  This case is proceeding to trial solely on plaintiff's Eighth Amendment claims against defendant Gustafson.

Notwithstanding the current status of the case, plaintiff has filed a motion to amend his complaint to add eight additional defendants, including two "doe" defendants, a due process claim, and claims of "supervisorial liability," "assault and battery," and "intentional infliction of emotional distress."  ECF No. 98.  Defendant Gustafson opposes the motion.  ECF No. 101.  Given the futility of plaintiff's proposed amendments, coupled with plaintiff's undue delay in bringing the motion, leave to amend should be denied.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Plaintiff commenced this action on June 6, 2012. ECF No. 1. In his July 30, 2015 motion to amend, he states that his proposed amendments are based on "newly discovered evidence" and "withheld discovery" that allow him to assert claims against "Does 1-7," as listed in the original complaint.[1] ECF No. 98 at 1-2. Plaintiff's attempt to justify his untimely motion on his inability to obtain discovery is not well-taken, as plaintiff never propounded any discovery in this action. ECF No. 83 at 5-6, n.4. Indeed, on August 6, 2014, when the court inquired as to whether plaintiff wished to propound any discovery, he declined. *Id.* Plaintiff's delay in moving to amend cannot be excused by his inability to obtain information when he chose not to seek it in a timely fashion.

In addition to the undue delay, plaintiff's proposed amendments are futile. Plaintiff moves to name eight additional defendants, including two "doe" defendants, and seeks to add a due process claim, and claims of "supervisorial liability," "assault and battery," and "intentional infliction of emotional distress." ECF No. 98.

First, plaintiff's naming of Doe defendants is problematic. Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

Second, plaintiff improperly seeks to impose supervisory liability on newly named defendants. *See* ECF No. 99 at 3-6 (identifying "Count I" as "supervisory liability"). Plaintiff was previously informed through the court's original screening order that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of

/////

---

[1] Contrary to this representation, the original (and operative) complaint does not include any "doe" defendants. *See* ECF No. 1.

2

respondeat superior, and when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. ECF No. 5 at 3-4.

Third, plaintiff's allegations that defendants violated his due process rights by withholding an incident report, issuing a "false" rules violation report, and depriving him of "procedural safeguards" in a related hearing, fail to state a claim. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff has not shown he was deprived of a constitutionally protected interest.

The conditions imposed on plaintiff as a result of the rules violation hearing were: (1) forfeiture of 90 days' good-time credits; (2) a loss of privileges for use of property, packages, and entertainment; and (3) a reduction in work/privileges group status. ECF No. 99 at 5. As a matter of law, these disciplinary measures do not impinge on a liberty interest created by the Due Process Clause of its own force. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (good-time credits); *Koerner v. Angelone*, Nos. 97-15681 & 97-15799, 1999 U.S. App. LEXIS 32181, at *9 (9th Cir. Dec. 6, 1999) (canteen). In addition, there is no showing that the disciplinary measures impinged on a liberty interest created by state law. *See Koerner*, 1999 U.S. App. LEXIS 32181, at *9 (80-day suspension of canteen privileges was not an atypical and significant hardship); *Song v. Ignacio*, No. 96-15901, 1997 U.S. App. LEXIS 2217, at *2-3 (9th Cir. Feb. 7, 1997) (affirming dismissal of due process claim where the plaintiff failed to allege how his temporary loss of access to the canteen, phone, showers, and recreation equipment presented a dramatic departure from the basic conditions of prison life). Moreover, there is no indication that plaintiff would be serving a shorter prison sentence if the 90-days' worth of worktime credits had not been forfeited.[2] *Sandin v. Conner*, 515 U.S. 472, 485-87 (1995) (finding that a prison disciplinary

---

[2] Court records reflect that plaintiff was serving an indeterminate sentence of 25 years to life at the time of the hearing. *See McElroy v. People of the State*, No. 2:02-cv-5229-MMM-MLG (C.D. Cal. Aug. 29, 2002), ECF No. 6 at 1.

3

action did not impinge on a protected liberty interest where it would not inevitably affect the duration of the inmate's indeterminate sentence); *Harvey v. Lewis*, No. No.1:12-cv-00904-AWI-DLB (HC), 2012 U.S. Dist. LEXIS 163667, at *5-8 (E.D. Cal. Nov. 15, 2012) (discussing the impact of good time credits on an inmate serving both a determinate and indeterminate term of incarceration). Even if plaintiff were to make such a showing, his due process claim challenging the loss of credits would not survive in this action, as he would be required by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), to secure a finding that the discipline imposed was invalid through some other means before pursuing that claim in a § 1983 action for damages. *Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997).

Finally, plaintiff has not alleged a proper state law tort claim for assault and battery or intentional infliction of emotional distress because he has not alleged compliance with the California Government Claims Act ("GCA"). The GCA requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Given the undue delay and the futility of the proposed amendments, plaintiff's motion to amend should be denied.

/////

/////

/////

/////

4

Accordingly, it is hereby RECOMMENDED that plaintiff's motion for leave to amend (ECF No. 98) be denied.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 22, 2015.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff shall file and serve a pretrial statement and any motions necessary to obtain the attendance of witnesses at trial within 30 days.