1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LATHAHN McELROY,                              No.  2:12-cv-1518-TLN-EFB P

12                    Plaintiff,

13        v.                                        FINDINGS AND RECOMMENDATIONS

14   GUSTAFSON,

15                    Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  On June 2, 2015, the court ordered plaintiff to file a pretrial statement within 30

19   days.  *See* ECF No. 91 (informing plaintiff of the requirements for preparing and filing a pretrial

20   statement and warning plaintiff that failure to file a pretrial statement could result in the

21   imposition of sanctions, including dismissal).  The court subsequently granted plaintiff's requests

22   for extensions of time, and ultimately extended the deadline to February 19, 2016.  *See* ECF Nos.

23   96, 103, 109, 115, 119, 122; *see also* ECF No. 115 (noting how plaintiff's filings in this court

24   have undermined his claimed need for extensions of time).  Despite the repeated extensions of

25   time and additional warnings that failure to comply would result in dismissal, *see* ECF Nos. 109,

26   115, 119, plaintiff has not filed a pretrial statement.   Nor has plaintiff filed anything in response

27   to the court's most recent order directing him to file his long overdue pretrial statement.  *See* ECF

28   No. 122.   Plaintiff has disobeyed this court's orders and failed to prosecute this action.

1    The appropriate action is dismissal.[1]

2         A district court must "weigh five factors to determine whether to dismiss a case for lack of

3    prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

4    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the

5    disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*,

6    31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128,

7    1138 (9th Cir. 2000).  Here, the first two factors support dismissal, as it appears that the court is

8    devoting its limited judicial resources to this action despite plaintiff's apparent intent to avoid

9    trial.  Moreover, plaintiff's failure to comply with court orders and Local Rules delays the

10   progress of this litigation, presumptively causing prejudice to defendant.  In addition, the court

11   has already warned plaintiff that his failure to file a pretrial statement could result in dismissal,

12   and monetary sanctions would be futile given plaintiff's indigent status.  Having considered the

13   relevant factors, and in light of plaintiff's failure to prosecute this action by filing a pretrial

14   statement as repeatedly directed, the court finds that dismissal of this action is appropriate.

15        Furthermore, a party's failure to comply with any order or with the Local Rules "may be

16   grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

17   within the inherent power of the Court."  E.D. Cal. Local Rule 110.  The court may recommend

18   that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order

19   or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did

20   not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-

21   file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856

22   F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local

23   rule regarding notice of change of address affirmed).

24   /////

25   /////

26

27        [1] Defendant has also moved to dismiss this action under Federal Rule of Civil Procedure

28   41(b), based on plaintiff's failure to prosecute the action and his failure to comply with court
     orders.  ECF No. 123.

1    Accordingly, it is hereby RECOMMENDED that this action be dismissed.  *See* Fed. R.

2    Civ. P. 41(b); E.D. Cal. Local Rule 110.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   DATED:  May 17, 2016.

12   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

3